**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LAWRENCE HOUSTON HOBBS, | § | |
| *Plaintiff* | § | SA-22-CV-342-XR |
| | § | |
| -vs- | § | *Consolidated with*: |
| | § | SA-22-CV-739-XR, |
| MARC D. STANLEY et al. | § | SA-23-CV-1240-XR, |
| *Defendants* | § | SA-23-CV-1241-XR |
| | § | |
| | § | |

## <u>ORDER</u>

On this date, the Court considered that status of these consolidated cases, including several pending motions to dismiss. After careful consideration, the Court issues the following order.

## BACKGROUND

In 2022, Plaintiff filed four actions in the Western District of Texas that were ultimately consolidated before the undersigned under this lead case, *Hobbs v. Stanley*, 5:22-cv-342-XR (the "*Stanley* Action").[1] The Court now considers several motions filed in the underlying cases prior to consolidation.[2] The Court notes these cases have been ongoing since April 1, 2022, with assignments to various judges and little coordinated judicial management. This Order seeks to bring clarity to the file and effectuate the "just, speedy, and inexpensive determination" of this matter. FED. R. CIV. P. 1.

---

[1] *See* ECF No. 31 (consolidating *Hobbs v. Kendall*, 5:22-cv-739-XR (the "*Kendall* Action"), *Hobbs v. Stevens*, 5:23-cv-1240-XR (the "*Stevens* Action"), and *Hobbs v. Haaland*, 5:23-cv-1241-XR (the "*Haaland* Action") under the *Stanley* Action, which was first filed)).

[2] *See Stanley* Action, ECF No. 21; *Kendall* Action, ECF Nos. 22, 25; *Stevens* Action, ECF Nos. 18, 19, 20; *Haaland* Action, ECF No. 21.

I.     **Factual History**

In his various pleadings, Plaintiff generally alleges claims of employment discrimination and violation of his civil rights against various federal officers and agencies based on his employment, from 2017 to 2019, with the Bureau of Land Management ("BLM") in Wisconsin and with the United States Air Force ("USAF") in Texas, related proceedings before the Equal Employment Opportunity Commission ("EEOC"), and his subsequent indictment for credit card abuse in Del Rio, Texas.[3]

From October 2017 to December 2018, Hobbs worked for the BLM, which is part of the Department of the Interior ("DOI"), in Milwaukee, Wisconsin. In April 2018, he filed several EEOC complaints against the DOI alleging discrimination, retaliation, and hostile work environment. In the first EEOC proceeding, the Administrative Judge granted summary judgment in favor of the DOI, and Hobbs appealed that decision to the Office of Federal Operations. The Office of Federal Operations dismissed that appeal because Hobbs filed a civil action in this district. The second EEOC proceeding was dismissed before a decision was issued because Hobbs filed a complaint in the Eastern District of Wisconsin.[4] Marc Stanley appeared as

---

[3] This factual background relies on several exhibits attached to the motions to dismiss, including documents from the EEOC proceedings against the DOI and the Texas state court's criminal docket in the credit card abuse case brought against Hobbs. See *Stanley* Action, ECF No. 21-1–21-4 (EEOC Documents); ECF No. 21-5 (Val Verde Criminal Docket).

To the extent that the Court is evaluating its subject matter jurisdiction under Rule 12(b)(1), it is free to weigh the evidence and consider materials outside of the pleadings. *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). *Poindexter v. United States*, 777 F.2d 231 (5th Cir. 1985). Further, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). "Courts in this circuit have taken judicial notice of EEOC documents." *Jackson v. Wilkie*, No. 419CV00721SDJCAN, 2020 WL 4912916, at *6 (E.D. Tex. July 21, 2020), *report and recommendation adopted*, No. 4:19-CV-721, 2020 WL 4884003 (E.D. Tex. Aug. 20, 2020). Similarly, the Court is "allowed to take judicial notice of the state court's orders, final judgment, and docket as matters of public record attached to the motion to dismiss." *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020).

[4] Hobbs appears to have filed three lawsuits in the Eastern District of Wisconsin related to these proceedings— *Hobbs v. Willis* (22-cv-467-pp), *Hobbs v. Shesky* (22-cv-680-pp), and *Hobbs v. Shesky* (22-cv-680-pp)—both of which remain pending.

counsel of record for and represented the DOI in both EEOC proceedings.

Before those EEOC proceedings concluded and during his employment with the DOI, Hobbs applied for a Supervisory General Engineer position with the Department of Air Force ("USAF") in March 2018. The USAF selected him for this position and, as part of the hiring process, asked him to complete an OF-306 form, which asked whether he was currently under charges for any violation of the law. Hobbs answered, "No," and signed the form in September 2018. On November 1, 2018, Hobbs received a citation for disorderly conduct. On November 19, Hobbs began his employment with the USAF and, as a part of the onboarding process, he again represented that he was not facing any pending charges for any violations of the law. Four months later, the USAF's civilian personnel officer informed Hobbs's first-line supervisor about the pending charge for disorderly conduct. Hobbs was ultimately removed from his position in 2019.

In July 2019, shortly after his termination from the USAF, DOI agent Angela Stevens notified the 63rd District Attorney's ("DA") Office about unauthorized credit card charges. In December 2020, Hobbs was indicted on four counts of credit card abuse in the 63rd Judicial District Court in Del Rio, Texas. The DA's Office represented the State of Texas in those proceedings. Hobbs moved to quash or set aside the indictment, and the DA's Office decided not to contest the motion. The state court granted the motion and dismissed the action.

## II.    Procedural History

Based on these facts, Hobbs has asserted claims against four federal officers, the DOI, the USAF, and numerous Doe Defendants for employment discrimination and for violations of his constitutional rights under the implied cause of action theory adopted by the Supreme Court in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

In April 2022, Hobbs filed a *Bivens* action against Angela K. Stevens, a Senior Special Agent with the BLM, and several Doe Defendants, who had allegedly violated his First, Fourth, Fifth, Sixth and Fourteenth Amendment rights by "execut[ing] Libelous and Slanderous statements" against him, leading to his indictment for credit card abuse in Val Verde, Texas. *Stevens* Action, ECF No. 2 at 12.

A week later, Hobbs sought leave to file a 40-page complaint and proceed IFP in a separate *Bivens* action, this time alleging claims against Marc Stanley, the DOI, and three Doe Defendants on the theory that Stanley obstructed his EEOC proceedings by making false statements and conspired with Stevens and other federal agents to pursue criminal charges against him. *Stanley* Action, ECF No. 1-1. After, the IFP application was denied, Hobbs paid the filing fee and subsequently filed a 55-page amended complaint against the same defendants. *See* ECF No. 9, ECF No. 10 ("*Stanley* FAC"). Although it is difficult to follow, the *Stanley* FAC appears to arise out of two events: (1) the EEOC proceedings and (2) the state criminal prosecution. Based on these events, Hobbs asserts claims under *Bivens* against Stanley, in his individual capacity, and the DOI, as Stanley's employer. *Stanley* Action, ECF No. 10 at 4.

In May 2022, Plaintiff filed a proposed complaint against Deb Haaland, in her capacity as the Secretary of the DOI, asserting claims for employment discrimination and retaliation under Title VII and the ADEA—along with violations of various constitutional rights, 5 U.S.C. § 552a, various Public Laws and the Texas Administrative Code—again seeking leave to proceed IFP. *Haaland* Action, ECF No. 2 at 3. After his IFP motion was denied, Plaintiff paid the filing fee, and his complaint and 63-page supplement thereto—styled as his "Good Faith Settlement Offer"—became the operative pleadings. *See Haaland* Action, ECF Nos. 2, 5.

Finally, in July 2022, Plaintiff filed a 65-page complaint against Kendall, the United States, and the U.S. Attorney's Office in the San Antonio Division of the Western District of Texas, where it was originally assigned to Judge Biery and then referred to Magistrate Judge Farrer. *Kendall* Action, ECF No. 1. Again, although it is not entirely clear from the complaint, Hobbs appears to allege that the USAF, the DOI, the State of Texas, Val Verde County, the EEOC, and their federal and state agents conspired to violate his constitutional and statutory rights, terminate his federal employment, and injure his reputation—and that the USAF is responsible for all of this "misconduct." He further alleges claims for employment discrimination by the USAF, referencing Title VII, the ADEA, and unlawful retaliation.

The *Kendall* Defendants moved to dismiss the action. ECF No. 15. Magistrate Judge Farrer granted the motion, concluding that "all claims in Plaintiff's Complaint, to the extent he asserts any, other than his Title VII and ADEA claims against Defendant Kendall, are wholly without merit" and that "despite seeking leave to file a 61-page response, Plaintiff still fails to identify any factual basis for his Title VII" or [ADEA] claims." *Kendall* Action, ECF No. 20 at 2. Magistrate Judge Farrer then ordered Hobbs to file an amended complaint, not to exceed 20 pages, that would cure the deficiencies identified in the motion to dismiss by no later than July 28, 2023. *Id.* at 3. In August 2023, Hobbs filed a 100-page document—his "First Amended Complaint of Conspiracy to Commit Employment Discrimination"—naming Kendall as the sole defendant. *Kendall* Action, ECF No. 21 ("*Kendall* FAC").

On August 17, 2023, Kendall filed a second motion to dismiss, arguing that the *Kendall* FAC failed to cure any of the defects in the original complaint. ECF No. 22. Four days later, the *Stanley* Defendants moved to dismiss the *Stanley* FAC, arguing that Hobbs failed to state a viable *Bivens* claim and, in the alternative, that he lacked standing. ECF No. 21.

## DISCUSSION

### I.      Legal Standards

#### A.  Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

Dismissal is proper under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a motion under Rule 12(b)(1), the Court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). In short, no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.* at 413. Further, materials such as affidavits and regulations can be considered when relevant to the issue of jurisdiction. *Poindexter v. United States*, 777 F.2d 231 (5th Cir. 1985).

#### B.  Rule 12(b)(6) – Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## II.      Analysis

To begin, the Court notes that Plaintiff is proceeding *pro se* in this case. When reviewing a *pro se* plaintiff's complaint, the Court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a party's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Likewise, while courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with [federal procedural rules]." *U.S. Bank Nat'l Ass'n v. Johnson*, No. 1:15-CV-788-RP, 2017 WL 598499, at *2 (W.D. Tex. Feb. 14, 2017) (quoting *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). Whether represented by counsel or appearing pro se, plaintiffs must still present specific facts, rather than conclusory allegations, to avoid a Rule 12(b)(6) dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

### A.  Plaintiff's Theories of Relief

#### 1.  Plaintiff's *Bivens* Claims Against Various Federal Officers and Agencies

A *Bivens* action may only be brought against a federal officer or agent in his individual or personal capacity. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). Further, a plaintiff cannot maintain a *Bivens* against the United States or a federal agency. *Govea v. ATF*, 207 F. App'x 369, 373 (5th Cir. 2006). Accordingly, to the extent that

Plaintiff seeks to allege *Bivens* claims against federal agencies or federal officers in their official capacities, those claims fail as a matter of law.

The Supreme Court recognized in *Bivens* a cause of action under the Fourth Amendment, entitling petitioner "to recover money damages for any injuries he ha[d] suffered as a result of the [federal] agents' violation of the Amendment." 403 U.S. at 397. Since *Bivens* was decided in 1971, the Supreme Court has extended the *Bivens* remedy on only two occasions: once for a claim of general discrimination under the Fifth Amendment (*see Davis v. Passman*, 442 U.S. 228, 248–49 (1979)) and once for inadequate prison medical care under the Eighth Amendment (*see Carlson v. Green*, 446 U.S. 14, 18–23 (1980)).

Courts apply a two-step test when evaluating whether to recognize a *Bivens* remedy for an alleged constitutional violation:

> A court asks first whether the case presents a new *Bivens* context—*i.e.,* is it meaningfully different from the three cases in which the Court has implied a damages action, and, second, even if so, do special factors indicate that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed. This two-step inquiry often resolves to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy.

*Egbert v. Boule*, 142 S. Ct. 1793, 1797–98 (2022) (internal citations and quotations omitted).

Outside of the three circumstances in which the Supreme Court has recognized in *Bivens* a cause of action, "[v]irtually everything else is a 'new context.'" *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2669 (2021), *reh'g denied*, 141 S. Ct. 2886 (2021) (quoting *Abbasi*, 137 S. Ct. at 1865 (explaining that "the new-context inquiry is easily satisfied")). The Fifth Circuit has underscored the Supreme Court's emphasis that its "understanding of a 'new context' is broad." *Oliva*, 973 F.3d at 442 (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020). Because "even a modest extension" of the *Bivens* trilogy "is still an

extension" (*Abbasi*, 137 S. Ct. at 1864), and because, "to put it mildly, extending *Bivens* to new contexts is a 'disfavored judicial activity,'" (*Oliva*, 973 F.3d at 442 (citing *Abbasi*, 137 S. Ct. at 1857)), courts across the country have proceeded with extreme caution when recognizing a *Bivens* remedy.

The Supreme Court has never recognized a *Bivens* claim in the context that Plaintiff now appears to suggest—for making false statements as part of a conspiracy to subject Hobbs to employment discrimination and wrongful prosecution. Because the Court concludes this case presents a new *Bivens* context, the Court must next turn to analyzing whether "there are any special factors that counsel hesitation" in extending *Bivens*. *See Hernandez*, 140 S. Ct. at 743 (internal quotation marks and alterations omitted) (quoting *Abbasi*, 137 S. Ct. at 1857). Furthermore, "[i]f there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Egbert*, 142 S. Ct. at 1804 (quoting *Ziglar*, 137 S. Ct. at 1858). "The *Bivens* inquiry does not invite federal courts to independently assess the costs and benefits of implying a cause of action. A court faces only one question: whether there is *any* rational reason (even one) to think that Congress is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 142 S. Ct. at 1805 (quoting *Ziglar*, 137 S. Ct. at 1858).

To the extent that Plaintiff seeks to recover under *Bivens* based on the theory that the DA's Officer relied on federal officers' false statements as a basis for his indictment on credit card abuse charges, the Fifth Circuit has held that *Bivens* does not provide a vehicle for claims of malicious prosecution. *See Cantu v. Moody*, 933 F.3d 414, 421 (5th Cir. 2019). To the extent that Plaintiff's claims are premised on violations of his employment rights, "special factors counsel against extending *Bivens*." *Oliva*, 973 F.3d at 443. Namely, Plaintiff must turn to the alternative

remedial structures Congress has established in Title VII and the ADEA to pursue his claims for discrimination and retaliation. *Paterson v. Weinberger*, 644 F.2d 521, 525 (5th Cir. 1981) (Title VII "provides the exclusive judicial remedy for federal employees who assert claims of employment discrimination on the basis of race, color, sex, religion or national origin.").

### 2.   Plaintiff's Employment-Based Claims

Hobbs alleges that the DOI and USAF's employment-related conduct violates the United States Constitution and various state constitutions. *See, e.g.*, *Kendall* Action, ECF No. 21 at 37–38. But Title VII "provides the exclusive judicial remedy for federal employees who assert claims of employment discrimination on the basis of race, color, sex, religion or national origin." *Paterson v. Weinberger*, 644 F.2d 521, 525 (5th Cir. 1981); *Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996). As to age discrimination, the ADEA is "the exclusive remedy for age discrimination in federal employment." *Paterson*, 644 F.2d at 524.

### a.   Intentional Discrimination under Title VII and the ADEA

"Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin. In such disparate-treatment cases, proof and finding of discriminatory motive is required." *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006). Similarly, "[t]o establish liability under the ADEA, a plaintiff must show . . . that he is within the protected class of the ADEA and the defendant discharged, refused to hire, or otherwise discriminated against the plaintiff with respect to compensation, terms, conditions, or privileges of employment, because of the plaintiff's age." *McCann v. Tex. City Ref., Inc.*, 984 F.2d 667, 672 (5th Cir. 1993).

A plaintiff can prove discriminatory motive through either direct or circumstantial evidence. *Portis v. First Nat'l Bank of New Albany, Miss.*, 34 F.3d 325, 328 (5th Cir. 1994).

When a plaintiff builds a case on circumstantial evidence, a court analyzes the plaintiff's claim under the *McDonnell Douglas* framework. *See Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). "Under this framework, the plaintiff must first create a presumption of discrimination by making out a prima facie case of discrimination." *Id.*

The Supreme Court has distinguished the *McDonnell Douglas* evidentiary standard from pleading requirements. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002). Accordingly, "a plaintiff need not make out a prima facie case of discrimination [under *McDonnell Douglas*] in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). A district court therefore errs by requiring "a showing of each prong of the prima facie test for disparate treatment at the pleading stage[.]" *Id.* Still, plaintiffs must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [their] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

The Fifth Circuit has explained that there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an "adverse employment action," (2) taken against a plaintiff "*because of* her protected status." *Raj*, 714 F.3d at 331 (quoting *Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 576 (5th Cir. 2004)); *see also id.* (explaining that a plaintiff must allege "facts, [either] direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's] race or national origin or that [the employer] treated similarly situated employees of other races or national origin more favorably"); *Pacheco*, 448 F.3d at 787 (a "discriminatory motive is required" for disparate treatment claims).

If a plaintiff's disparate treatment claim depends on circumstantial evidence, he will "ultimately have to show" that he can satisfy the *McDonnell Douglas* framework. *Chhim*, 836

F.3d at 470 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under *McDonnell Douglas*, a prima facie case of discrimination requires evidence that the plaintiff "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." *Morris v. Town of Indep.*, 827 F.3d 396, 400 (5th Cir. 2016) (quoting *Willis v. Cleco Corp.*, 749 F.3d 314, 319–20 (5th Cir. 2014)).

In cases involving circumstantial evidence, the Fifth Circuit has counseled that "it can be 'helpful to reference' [the *McDonnell Douglas*] framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the disparate treatment claim. *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (citing *Chhim*, 836 F.3d at 470–71 (considering whether the plaintiff pleaded facts suggesting that the employer hired an applicant who was "similarly situated" to the plaintiff or "less qualified" than the plaintiff in accordance with the *McDonnell Douglas* framework)). Still, courts must not inappropriately heighten the pleading standard in Title VII cases by "subjecting plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework in response to a motion to dismiss." *Id.* (citing *Swierkiewicz*, 534 U.S. at 512).

### b. Retaliation under Title VII and the ADEA

Title VII prohibits retaliation against an employee for engaging in conduct protected by Title VII. *Laster v. City of Kalamazoo*, 746 F.3d 714, 729 (6th Cir. 2014). To establish a claim for retaliation under Title VII, the plaintiff must show that (1) he engaged in a protected activity; (2) there was a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d

263, 269 (5th Cir. 2015). "A retaliation claim under the ADEA entails the same showing." *Eng. v. Perdue*, 777 F. App'x 94, 98 (5th Cir. 2019).

"Protected activity" is defined as "opposition to any practice made unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Green v. Admins. of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 26, 2002) (citing 42 U.S.C. § 2000e–3(a)). The retaliation provisions of Title VII have been interpreted to "protect[] not only the filing of formal discrimination charges with the EEOC, but also complaints to management and less formal protests of discriminatory employment practices." *Laster*, 746 F.3d at 730.

"For an employer's act to qualify as a materially adverse action, 'a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Cabral v. Brennan*, 853 F.3d 763, 767 (5th Cir. 2017) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).Close timing between an employee's protected activity and an adverse action against him may provide the "causal connection" required to make out a *prima facie* case of retaliation. *Swanson v. Gen. Serv. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997) (citing *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993)).

### B.   The *Stanley* Action, 5:22-cv-342-XR

#### 1.   Plaintiff's *Bivens* Claims Against Stanley Fails as Matter of Law

As noted above, Marc Stanley appeared as counsel of record for and represented the DOI in the EEOC proceedings. Plaintiff appears to allege that Stanley made a number of unspecified false statements related to Hobbs's employment with the DOI and his indictment. *See generally*

ECF No. 10. Hobbs further alleges that Stanley "could not have acted alone" in engaging in a conspiracy to deprive Hobbs's constitutional rights, privacy rights, his "equal employment rights," and establish a hostile work environment. *See* ECF No. 10 ¶ 15.[5]

Defendants attack both Plaintiff's standing to assert claims against Stanley based on his conduct during the EEOC proceedings and the viability of any *Bivens* claim premised on Plaintiff's theory of liability. *See* ECF No. 21. When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts consider the jurisdictional attack before any arguments on the merits, which prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### a. Plaintiff Lacks Standing to Sue Stanley for Alleged False Statements

It is well settled that a plaintiff invoking a federal court's jurisdiction must establish standing by satisfying three irreducible requirements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant[s], and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Stanley asserts—and the Court agrees—that, to the extent that Hobbs seeks to challenge the EEOC proceedings in Wisconsin or his subsequent indictment in Texas, he has failed to adequately allege that his unspecified injuries are fairly traceable to any alleged false or misleading statements Stanley made before the EEOC. *Stanley* Action, ECF No. 21 at 8–10. To the extent that his "injury" was the dismissal of the EEOC proceedings, that harm appears to have been self-inflicted: the first proceeding was dismissed after Hobbs failed to respond to the

---

[5] Numerous other allegations are made that reference a conspiracy to retaliate through obstruction of justice based on invidious discrimination, conspiracy to commit tortious interference, bad faith and fair dealing, "defamation, libel, slander and violation of oaths of office," failure to intervene, intentional infliction of emotional distress, negligent infliction of emotional distress and negligence.

ALJ's notice of intention to grant summary judgment, and the second proceeding was dismissed when Plaintiff decided to file suit in federal court.[6] Likewise, to the extent that Plaintiff seeks to recover for injuries related to his indictment for credit card abuse, he has failed to plausibly allege that those injuries are fairly traceable to any misconduct by Stanley.[7]

### b. Plaintiff Fails to State a *Bivens* Claim Against Stanley

The Court first notes that Hobbs's claims arise in a "new *Bivens* context." Again, the Supreme Court has never recognized a *Bivens* claim in the context that Plaintiff now appears to suggest. Further, "special factors counsel against extending Bivens." *Oliva*, 973 F.3d at 443. To the extent that Plaintiff's *Bivens* claim sounds in employment law, his recourse is to pursue any workplace discrimination and retaliation claims through the Title VII/ADEA process.

Other than a conclusory allegation that Stanley must have somehow been involved in a conspiracy to deprive him of certain rights, Hobbs fails to plead with any specificity how Stanley (or any of the Doe Defendants) engaged in any conspiratorial act, or committed any of the tortious acts he alleges. Accordingly, dismissal pursuant to FED. R. CIV. P. 12(b)(6) is required.

### 2. Dismissal of *Bivens* Claim Against DOI

*Bivens* actions are unavailable against federal agencies. It appears from the *Stanley* FAC that either Plaintiff is asserting that DOI as his employer is liable for any employment discrimination or retaliation or that the DOI is liable for the alleged misconduct of Stanley under some respondeat superior liability, neither theory can be advanced under *Bivens*. *Abate v. S. Pac.*

---

[6] Moreover, it is not clear how the claims against Stanley in this action could afford any relief, given that Plaintiff's claims related to the underlying EEOC proceedings appear to be pending in federal court in Wisconsin.

[7] To the extent that the DA's office actually relied on false statements by Stevens—or any other federal official—in initiating the charges for credit card abuse, Plaintiff's injuries are clearly *traceable* to the federal officers' misconduct. The Supreme Court recently recognized a free-standing claim for malicious prosecution under the Fourth Amendment under 42 U.S.C. § 1983. *See Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022). Section 1983, however, applies only to claims against state actors and, as previously noted, *Bivens* does not provide a vehicle for claims of malicious prosecution. *See Cantu*, 933 F.3d at 421.

*Transp. Co.*, 993 F.2d 107, 110 (5th Cir. 1993); *Govea*, 207 F. App'x at 373. Accordingly, any such claims asserted against the DOI are dismissed.

### C.  The *Kendall* Action, 5:22-cv-739-XR

Hobbs asserts that the USAF discriminated against him because of his age, his sex (male), and his "race/color/nationality as Caucasian/White/Northern European descent." *Kendall* Action, ECF No. 21 at 4.[8] He further argues that both the DOI and USAF[9] are engaged in a joint conspiracy to violate his rights under the ADEA and Title VII. *See, e.g.*, *id.* at 1.

First, ADEA and Title VII claims may only be brought against an employer or "joint employer." Plaintiff's argument that the entire federal government is his employer, rather than a specific agency, has no legal support. Accordingly, Plaintiff's claims against the United States are dismissed pursuant to Rule 12(b)(6).

Secondly, Plaintiff has only pled conclusory allegations that he was discriminated against by the USAF because of his age, sex, or race/national origin. The Fifth Circuit has affirmed dismissals for failure to state a claim where plaintiffs failed to allege sufficient facts to support a reasonable inference on elements of the *McDonnell Douglas* framework. *See, e.g.*, *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (dismissing claims where plaintiff failed to plead facts on the "similarly situated" factor because plaintiff did not identify a comparator); *Davis v. Tex. Health & Human Servs. Comm'n*, 761 F. App'x 451, 454 (5th Cir. 2019) (dismissing claims because plaintiff failed to allege facts from which the district court could reasonably infer that plaintiff was treated less favorably).

---

[8] Here again, to the extent that Plaintiff's alleged injuries arise out of the conduct of the DOI, the EEOC, Val Verde County, the State of Texas, and their agents, his claims do not appear to be fairly traceable to any employment related misconduct by the USAF. *Lujan*, 504 U.S. at 560.

[9] It is unclear whether Hobbs is also alleging that the State of Texas, Val Verde County, the EEOC and other state agents are part of this conspiracy.

Likewise, Plaintiff fails to state a claim for retaliation by the USAF. Plaintiff's EEOC actions against the DOI cannot form the basis of a retaliation claim by the USAF. He further fails to assert that the USAF was aware of his other alleged protected activity—reporting a USAF unidentified supervisor for serving alcohol to subordinates—let alone establish a temporal connection between that report and any adverse employment action. ECF No. 21 at 46.

Accordingly, the Court **GRANTS** the *Kendall* Defendants' motion to dismiss (ECF No. 22) Plaintiff's first amended complaint, and Plaintiff's claims against Kendall and the USAF are dismissed pursuant to FED. R. CIV. P. 12(b)(6).

### D.  The *Stevens* Action, 5:23-cv-1240-XR

Hobbs asserts that Angela K. Stevens, a Senior Special Agent with the BLM, violated his First, Fourth, Fifth, Sixth and Fourteenth Amendment rights by "execut[ing] Libelous and Slanderous statements" against him, leading to his indictment for credit card abuse in Val Verde, Texas. *Stevens* Action, ECF No. 2 at 12. Stevens seeks dismissal of this case on the basis that Hobbs has failed to properly serve her with process. *Stevens* Action, ECF No. 19. Hobbs has filed motions seeking to affirm service of his *Bivens* claim against Stevens (ECF No. 18) and to stay his deadline to respond to Stevens's motion until the Court has ruled on his earlier motion (ECF No. 20).

Assuming without deciding that Hobbs has now properly served Stevens, his *Bivens* claim against Stevens for her allegedly libelous and slanderous statements suffers from the same defects addressed above. *See, e.g.*, *Parham v. Clinton*, 374 F. App'x 503, 506 (5th Cir. 2010) ("[A]ny defamation claim pursuant to [*Bivens*] . . . fail[s] because there is no constitutional right to be free from defamation.").

Accordingly, the Court will exercise its authority to dismiss the *Stevens* Complaint pursuant to Rule 12(b)(6) *sua sponte*. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173 (5th Cir. 2006) (citing *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). Courts may dismiss claims for failure to state a claim *sua sponte*, provided that procedure employed in doing so is fair. *Id.* Although the procedure generally involves giving the plaintiff notice and an opportunity to respond, the Court observes that Plaintiff has already been afforded an opportunity to respond to identical arguments concerning the novelty of his *Bivens* claims in the *Stanley* Action. *Id.* at 1177.

Because any attempt to cure the deficiencies in his *Bivens* claims would be futile as a matter of law, Plaintiff's claims against Stevens are **DISMISSED WITH PREJUDICE**. Accordingly, Plaintiff need not make any further attempts at service, and the pending motions addressing service of process (ECF Nos. 18, 19, and 20) are **MOOT**.

### E.  The *Haaland* Action, 5:22-cv-1241-XR

Hobbs appears to sue Deb Haaland, in her official capacity as the Secretary of the DOI, and the United States for employment discrimination and retaliation under Title VII and the ADEA. Haaland Action, ECF No. 2 at 3. He also alleges that the DOI violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments, as well as 5 U.S.C. § 552a, various Public Laws and the Texas Administrative Code. *Id.* He asserts that the *Haaland* Defendants are liable for discriminatory treatment and creating a hostile work environment on the basis of his race, color, gender, national origin, and age, and for retaliation. *Id.* at 4.

Although the *Haaland* Defendants have not yet filed an answer or a motion to dismiss, the Court observes that Plaintiff's complaint suffers from the same defects described above. Plaintiff's claim for conspiracy to commit employment discrimination in violation of his

constitutional rights fails as a matter of law because Title VII and the ADEA provide the exclusive judicial remedy for his claims. *See Paterson*, 644 F.2d at 525. Further, Plaintiff's statutory claims merely make conclusory allegations that he was discriminated against, without setting forth any facts with sufficient specificity.

Accordingly, the Court will exercise its authority to dismiss the *Haaland* Complaint pursuant to Rule 12(b)(6) *sua sponte*. *Carroll*, 470 F.3d at 1173. The Court need not afford Plaintiff notice or an opportunity to respond, because, as discussed below, it intends to give Plaintiff one final opportunity to amend his Title VII and ADEA claims against the DOI. In light of the Court's dismissal of the *Haaland* Complaint, the pending motion for an extension of time in which to file an answer or other reponse (ECF No. 21) is **MOOT**.

### F.  Plaintiffs' Request for Leave to Amend

On multiple occasions, Plaintiff has requested leave to file an amended, omnibus complaint.[10] *See, e.g.*, *Stanley* Action, ECF No. 22 at 1; *Kendall* Action, ECF No. 23 at 2.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of the pleadings before trial. Although the Court "should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), leave to amend is not automatic. *N. Cypress Med. Center Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). The decision to grant or deny a motion to

---

[10] Rule 15(a) applies where a plaintiff has "expressly requested" leave to amend even though its request "was not contained in a properly captioned motion paper." *United States v. Humana Health Plan*, 336 F.3d 375, 387 (5th Cir. 2003). A formal motion is not always required, so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought. *Id.* (citing FED. R. CIV. P. 7(b) and *Edwards v. Occidental Chemical Corp.*, 892 F.2d 1442, 1445–46 (9th Cir. 1990)). However, "a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* FED. R. CIV. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)." *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993); *see Douglas v. DePhillips*, 740 F. App'x 403, 406 (5th Cir. 2018) ("At the end of their opposition to the motion to dismiss, Appellants stated that they 'should be given an opportunity to amend . . . to further state any claims considered deficient' and 'to plead further' Richard's claims. These statements are insufficient to constitute a request for leave to amend under Rule 15(a)."). Considering Plaintiff's *pro se* status, the Court will evaluate his requests for leave to amend under Rule 15(a), even though his response briefs fail to explain how the amended, omnibus complaint he proposes would cure any of the deficiencies identified in Defendants' motions.

amend is within the sound discretion of the trial court, though Rule 15 "evinces a bias in favor of granting leave to amend" and "a district court needs 'a "substantial reason" to deny a party's request for leave to amend.'" *Id.* In exercising its discretion, the district court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment." *Id*. A district court may consider the futility of an amendment in deciding to grant leave to amend. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). If an amendment would be futile, it may be disallowed. *Emory v. Tex. State Bd. Of Med. Exam'rs*, 748 F.2d 1023, 1027 (5th Cir. 1984).

As indicated above, it would be futile to grant Hobbs leave to file an omnibus complaint re-urging *Bivens* claims that cannot survive. It would be equally futile to allow Plaintiff to replead his theory of conspiracy to commit employment discrimination, failure to intervene, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, negligent hiring, supervision, and training, as they are not viable claims Accordingly, those claims are **DISMISSED WITH PREJUDICE**.

However, as to Plaintiff's Title VII and ADEA claims, it does not appear that Plaintiff has been given an opportunity to replead those claims against the DOI. Plaintiff has already been afforded an opportunity to amend his employment claims against the USAF in the *Kendall* Action.[11] Nevertheless, **Plaintiff will be given one last opportunity to file an amended, omnibus complaint under <u>SA-22-cv-342-XR</u> with respect to his Title VII and ADEA claims <u>only</u>.** The Court will not allow any other claims to be asserted, nor will the Court allow Plaintiff to assert any other claims against anyone else.

---

[11] The Court observes that his amended complaint in *Kendall* failed to comply with Judge Farrer's deadline or page limits and further failed to cure any of the defects in the original complaint.

**CONCLUSION**

For the reasons stated above, the Court issues the following orders in the consolidated cases:

Plaintiff's claims in the *Stanley* Action (5:22-cv-342-XR) are **DISMISSED**. The motion to dismiss (ECF No. 21) is **GRANTED**.

Plaintiff's claims in the *Kendall* Action (5:22-cv-739-XR) are **DISMISSED**. The motion to dismiss (ECF No. 22) is **GRANTED**. Plaintiff's motion to stay (ECF No. 25) is **MOOT**.

Plaintiff's claims in the *Stevens* Action (5:23-cv-1240-XR) are **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6). Defendants' motion to dismiss for improper service under Rule 4(m) (ECF No. 19) and Plaintiff's related motions (ECF Nos. 18, 20) are **MOOT**.

Plaintiff's claims in the *Haaland* Action (5:23-cv-1241-XR) are **DISMISSED** pursuant to Rule 12(b)(6). The motion for extension of time to answer or otherwise respond to the *Haaland* Complaint (ECF No. 21) is **MOOT**.

Plaintiffs' *Bivens* claims, claims for conspiracy to commit employment discrimination, and any claims for failure to intervene, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, negligent hiring, supervision, and training are **DISMISSED WITH PREJUDICE** it would be futile to allow Plaintiff an opportunity to replead them.

Plaintiff's claims under Title VII and the ADEA are **DISMISSED WITHOUT PREJUDICE**. Should Plaintiff wish to proceed with his employment claims against the DOI or USAF, he must, by no later than **November 6, 2023**, file an amended, omnibus complaint, of no

more than **20 pages**, as to his Title VII and ADEA claims **only**.[12] The amended pleading must

stating with specificity how he was treated less favorably than a younger employee, female

employee, and/or non-White employee while he was employed with each agency.

Defendants are **DIRECTED** to answer or otherwise respond to the omnibus complaint

**within fourteen (14) days** after service pursuant to Rule 5.

The Clerk is **DIRECTED** to mail a copy of this Order to Lawrence Hobbs, P.O. Box

1880, Canyon Lake, Texas 78133.

It is **SO ORDERED**.

**SIGNED** this 23rd day of October, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[12] Because the claims against Stevens have been dismissed with prejudice—and she does not appear to be a proper defendant to any of Plaintiff's employment claims—Stevens should not be named in any omnibus complaint and need not be served with any omnibus complaint pursuant to Rule 4.